UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

**LAW OFFICES OF VINCENT S. WONG**
Vincent S. Wong (VW 9016)
39 East Broadway, Suite 306
New York, NY 10002
(212) 349-6099
vswlaw@gmail.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Mei Na Lao and Wei Si Xiao, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 16-CV-9193 |
| Plaintiffs, | **COMPLAINT** |
| - vs. - | |
| Chung Chou City I, Inc., N.Y. Chung Chou City, LLC, Sharon Feng, and John Does #1-10, | |
| Defendants. | |

Plaintiffs Mei Na Lao and Wei Si Xiao, by and through their undersigned attorneys, for their complaint against defendants Chung Chou City I, Inc., N.Y. Chung Chou City, LLC, Sharon Feng and John Does #1-10, allege as follows, on

behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1. Plaintiffs Mei Na Lao and Wei Si Xiao allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Chung Chou City I, Inc. and N.Y. Chung Chou City, LLC, Sharon Feng, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Plaintiffs further complain that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations, (ii) liquidated damages pursuant to New York Labor Law for these violations; and (iii) compensation for defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3.  Plaintiffs are adult individuals residing in Brooklyn, New York.

4.  Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

5.  Upon information and belief, defendant Chung Chou City I, Inc. is a New York corporation with a principal place of business at 218-220 Grand Street, New York, New York.

6.  Upon information and belief, defendant N.Y. Chung Chou City, LLC is a New York company with a principal place of business at 39 Mott Street, New York, New York.

7.  At all relevant times, defendants Chung Chou City I, Inc. and N.Y. Chung Chou City, LLC (collectively, the "Chung Chou City defendants") have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8.  Upon information and belief, at all relevant times, the Chung Chou City defendants have had gross revenues in excess of $500,000.00.

9.  Upon information and belief, at all relevant times herein, the Chung Chou City defendants have used

goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

10.  At all relevant times, the Chung Chou City defendants shared common ownership and management, common offices and personnel, and operated for a common business purpose.

11.  Upon information and belief, at all relevant times, the Chung Chou City defendants have constituted a single "enterprise" as defined in the FLSA.

12.  Upon information and belief, at all relevant times, defendants constituted "joint employers" within the meaning of the FLSA.

13.  Upon information and belief, defendant Sharon Feng is an owner or part owner and principal of the Chung Chou City defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14.  Defendant Sharon Feng was involved in the day-to-day operations of the Chung Chou City defendants and played an active role in managing the businesses.

15.  For example, defendant Sharon Feng hired plaintiffs, set their schedules and pay, and paid them each pay period.

4

16.  Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of the Chung Chou City defendants, whose identities are unknown at this time, who participated in the day-to-day operations of Defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records, and who constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

17.  Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

18.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

**COLLECTIVE ACTION ALLEGATIONS**

20. Pursuant to 29 U.S.C. § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by defendants in the United States at any time since November 22, 2013, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

21. The Collective Action Members are similarly situated to plaintiffs in that they were employed by defendants as non-exempt retail grocery store workers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

22. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

23. Plaintiffs and the Collective Action Members perform or performed similar primary duties, and are or were subjected to the same policies and practices by defendants.

24. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

**FACTS**

25. At all relevant times herein, defendants have owned and operated two Asian grocery stores in Manhattan, as part of a chain of several such stores.

26. Ms. Lao was employed at the Chung Chao City store on Grand Street from approximately 2005 through September 2015.

27. Mr. Xiao was employed at both Chung Chao City stores, on Grand Street and Mott Street, from approximately 2001 through August 2015; he would be assigned to each store on different days each week.

28. Plaintiffs were employed as retail sales clerks.

29. Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

30. At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

31. Plaintiffs each routinely worked six days per week through 2014; they worked 10 hours per day, for a total of roughly 60 hours per week each week.

32. In 2015, plaintiffs' schedules were reduced to five days per week, 9½ hours per day, for a total of approximately 47.5 hours per week each week.

33. Plaintiffs were paid fixed monthly salaries that did not vary based on the exact number of hours they worked each week, although these salaries increased over the course of each plaintiff's employment.

34. When Ms. Lao's employment began in 2005, she was paid $1,300 per month; she generally got $100 per month raises each year until 2011, when she was given one final raise to $2,100 per month.

35. When Mr. Xiao's employment began in 2001, he was paid $1,300 per month, he got periodic raises of between $50 and $150 per month, until he was making $2,050 per month in 2010, $2,200 per month in 2012, $2,350 per month in 2013, and a final raise to $2,450 per month in 2014.

36. Defendants failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

37. Defendants' failure to pay plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

38. Plaintiffs were paid at the above-described rates, every two weeks, by a combination of cash and check.

39. Plaintiffs received paystubs with their checks, but the paystubs that they received were arbitrary; these documents did not accurately reflect the actual hours plaintiffs worked, their actual pay rates, or the pay that they actually received.

40. Defendants' failure to provide plaintiffs with accurate weekly records of their regular and overtime compensation and regular and overtime hours worked was a violation of the Wage Theft Prevention Act.

41. Defendants failed to provide plaintiffs with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signature acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

42. Upon information and belief, throughout the period of plaintiffs' employment, both before that time

9

(throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the Collective Action Members) in positions at defendants' grocery stores that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

43. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

44. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

45. Upon information and belief, these other individuals were not provided with required annual or weekly wage notices as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

46. Upon information and belief, while defendants employed plaintiffs and the Collective Action members, and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide

10

accurate records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

### COUNT I

### (Fair Labor Standards Act - Overtime)

47. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

48. At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

49. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

50. As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

52. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**(New York Labor Law – Overtime)**

53. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

54. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55. Defendants violated plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 142.

56. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

57. Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

58. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

59. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60. Defendants willfully violated plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they was hired, when their pay rates changed, or at any other time.

61. Defendants willfully violated plaintiffs' rights by failing to provide them with accurate wage statements

required by the Wage Theft Prevention Act at any time during their employment.

62. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, plaintiffs are entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

63. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs are entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

> a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them

to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

f. Liquidated damages for defendants' New York Labor Law violations;

15

g. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

h. Back pay;

i. Punitive damages;

j. An award of prejudgment and postjudgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: November 23, 2016

_____
David Stein (DS-2119)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Vincent S. Wong (VW 9016)
LAW OFFICES OF VINCENT S. WONG
39 East Broadway, Suite 306
New York, NY 10002
(212) 349-6099

Attorneys for Plaintiffs

# EXHIBIT A

CONSENT TO JOIN FORM

CONSENT TO SUE UNDER FEDERAL FAIR AND LABOR STANDARDS ACT (FLSA)

I am an employee currently or formerly employed by __CHUNG Cutou__ __CITY__ and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Retainer Agreement signed by the named plaintiff in this case:

To opt into this collective action, fill out this form and mail, fax, or e-mail it to:
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
Fax: 212-349-6599
vswlaw@gmail.com

__MEi NA LAO__
Full Legal Name (Print)

__mei na Lao__
Signature

__November 28, 2016__
Date

**Further Information Regarding The Consent To Join Form**

Please fill out this sheet of information, so that I, your attorney, may reach you in the future to provide updates regarding the progression of the lawsuit, and so that we can give you your share of any money that is recovered (if any) from the defendant on your behalf.

CONSENT TO JOIN FORM

CONSENT TO SUE UNDER FEDERAL FAIR AND LABOR STANDARDS ACT (FLSA)

I am an employee currently or formerly employed by __XIAO WEI SI__ and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Retainer Agreement signed by the named plaintiff in this case:

To opt into this collective action, fill out this form and mail, fax, or e-mail it to:
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
Fax: 212-349-6599
vswlaw@gmail.com

__XIAO WEI SI__
Full Legal Name (Print)

__Wei Si Xiao__
Signature

__November 28, 2016__
Date

**Further Information Regarding The Consent To Join Form**

Please fill out this sheet of information, so that I, your attorney, may reach you in the future to provide updates regarding the progression of the lawsuit, and so that we can give you your share of any money that is recovered (if any) from the defendant on your behalf.