USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 10 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mei Na Lao, et al.,

        Plaintiffs,

—v—

Chung Chou City, LLC, et al.,

        Defendants.

16-CV-9193 (AJN)

MEMORANDUM
OPINION AND ORDER

ALISON J. NATHAN, District Judge:

On November 29, 2016, Plaintiffs Mei Na Lao and Wei Si Xiao filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 §§ 190 and 650 *et seq.* See Dkt. No. 1. Plaintiffs Jun Li Qin, Jieting Tan, and Jian Wen Zhang later submitted opt-in forms consenting to become party plaintiffs. See Dkt. Nos. 31, 32, 39.

On November 30, 2017, the parties informed the Court that they had reached a settlement. See Dkt. No. 43. On January 10, 2018, the parties submitted a fully executed settlement for the Court's approval, *see* Dkt. No. 47, Ex. A, along with a joint letter explaining their views on the fairness of the settlement, *see* Dkt. No. 47. The settlement agreement provides for a total settlement amount of $135,000, including attorneys' fees and costs. Plaintiffs' counsel is seeking attorneys' fees in the amount of one-third ($44,801.99) of the net proceeds of the settlement and reimbursement of $594.04 in costs. For the following reasons, the Court strikes the "non-publicity provision" and with that revision approves the settlement, fee request, and cost reimbursement request in full.

1

## I. Legal Standard

In order to serve the FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). As a result of this requirement, the Plaintiff's claims in this case cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

## II. Discussion

### A. Settlement Amount

In the joint letter, the parties persuasively argue that the settlement is fair and reasonable, as both a substantive and procedural matter. Plaintiffs calculated the maximum payments they are owed at a total of $174,600 under the NYLL, and a total of $57,000 under the FLA. *See* Dkt. No. 47 at 2. The total settlement amount is $135,000, of which Plaintiffs will receive $89,603.97 once attorneys' fees and costs are deducted. *See* Dkt. No. 47 at 2. The settlement amount therefore represents a significant recovery, especially given the risks associated with continuing the litigation. For example, Defendants argued that the two named Plaintiffs were exempt managers. *See* Dkt. No. 47 at 3. Procedurally, the parties engaged in arm's length negotiations. *See* Dkt. No. 47 at 5. The Court approves the settlement amount.

### B. Attorneys' Fees and Costs

The Court also approves counsel's request for attorneys' fees and costs. The Court

2

agrees with other judges in this district that, when assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement net costs. *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667, 2015 WL 5122530, at *1 & n.1 (S.D.N.Y. Aug. 31, 2015). Here, Plaintiffs' counsel is seeking attorneys' fees of one-third, or $44,801.99, of the net $135,000 settlement amount. Courts routinely award 33.33% of a settlement fund as a reasonable fee in FLSA cases. *See id.* at *4 (collecting cases).

Using the lodestar as a "cross check" further demonstrates the reasonableness of this amount. The lodestar in this case (not including costs and disbursements) is $42,081.25, Dkt. No. 47 at 6, reflecting a billing rate of $400/hr for David Stein, a senior partner; $325/hr for David Nieporent, a senior associate; $350/hr for Vincent Wong, a senior partner; and $125/hr for paralegal Joe Chen. Dkt. No. 47 at 6; Dkt. No. 47, Ex. B. These rates are reasonable for this district, *see Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514-15 (S.D.N.Y. 2011), and the resulting multiplier of approximately 1.06 is below amounts regularly approved, *see DeMunecas v. Bold Food, LLC*, No. 09 Civ. 00440, 2010 WL 3322580, at *10 (S.D.N.Y. Aug. 23, 2010); *see also Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.").

Plaintiffs' counsel also requests costs in the amount of $594.04. That amount is reasonable, and the Court thus approves the request.

### C. Release and Confidentiality Provisions

The settlement agreement contains a provision titled "Non-Disparagement; No Publicity; Neutral Reference." *See* Dkt. No. 47, Ex. A ¶ 8. That provision provides that, inter alia, "Plaintiffs agree not to make, or cause to be made, whether directly or indirectly, any false

statement about Defendants or any of the Releasees that is derogatory, disparaging, or defamatory," though "nothing contained [in the settlement agreement] shall be construed to prevent any Plaintiff from making truthful remarks concerning his/her participation in the Action." The provision also states that "Plaintiffs agree not to contact the media regarding this Agreement and its terms."

"Non-disparagement and confidentiality provisions can be contrary to public policy because they prevent the spread of information about FLSA actions to other workers . . . who can then use that information to vindicate their statutory rights." *Amaro v. Barbuto, LLC*, 16-CV1581, 2017 WL 476730, at *3 (S.D.N.Y. Feb. 2, 2017) (alteration in original) (internal quotation marks omitted). However, "not *every* non-disparagement clause in an FLSA settlement is *per se* objectionable." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (emphasis in original). Thus a provision that would prevent plaintiffs from making a disparaging statement about the defendants "must include a carve-out for truthful statements about plaintiffs' experience litigating their case." *Id.*; *see also Amaro*, 2017 WL 476730, at *3 (citing *Lopez*, 96 F. Supp. 3d 170, and instructing the parties to remove a non-disparagement provision or "narrowly tailor it to allow Plaintiffs to discuss their litigation of this case").

Here, although the settlement agreement contains a non-disparagement clause, the clause explicitly provides a carve-out for truthful statements about the action. *See* Dkt. No. 47, Ex. A ¶ 8(a). Accordingly, the Court approves the non-disparagement provision.

As to the confidentiality provision, because it applies only to communications with the media, it is narrower than many of the confidentiality provisions that courts in this District have struck down. *See Amaro*, 2017 WL 476730, at *3. Nevertheless, the Court is concerned that the

provision remains too broad. *See id.* The parties note that the settlement "contains a severability clause that would allow the Court to strike that provision and approve the agreement." *See* Dkt. No. 47 at 7. Accordingly, the Court strikes the "no publicity" provision, Section 8(b), from the agreement. With that revision, the Court approves the settlement.

### III. Conclusion

In sum, the Court strikes the "no publicity" provision and approves the settlement and the request for fees and costs. The Clerk of the Court is ordered to close the case.

SO ORDERED.

Dated: May 9, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge